# **<u>EXHIBIT 1</u>**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JENNIFER B. CAMPBELL  :
                                 :

    Plaintiff,  :

                                  :

    v.  :    Civ. No.:    12-1769 (RC)

                                  :

DISTRICT OF COLUMBIA,  :
*et al.*,  :

                                  :

    Defendants.  :

## <u>JURY INSTRUCTIONS</u>

EXHIBIT 1 - 1

# **PREAMBLE**

Now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you on the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and as stated by me in these instructions, you are, of course, to be governed by my instructions. Nothing I say is to be taken as an indication that I have any opinions about the facts of the case. It is not my function to determine the facts; rather, it is your responsibility.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

My instructions will be roughly divided into four parts. First, I will talk about some general principles of law. Next, I will instruct you on evaluating the evidence. Then, I will discuss with you instructions that apply to the elements of the particular claims in this case. Finally, I will have some closing instructions about how you are to conduct your deliberations.

For those of you taking notes, I want to let you know that, if you request them, a written copy of these instructions will be available for you as you start your deliberations.

EXHIBIT 1 - 2

## Function of the Court

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

EXHIBIT 1 - 3

**Function of the Jury**

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

EXHIBIT 1 - 4

## Significance of Party Designations

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

EXHIBIT 1 - 5

**Juror's Duty to Deliberate**

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

EXHIBIT 1 - 6

**Attitude and Conduct of Jurors**

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

EXHIBIT 1 - 7

**Instructions to be Considered as a Whole**

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

EXHIBIT 1 - 8

**Court's Commenting on the Evidence**

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

EXHIBIT 1 - 9

**Court's Questions to Witnesses**

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

EXHIBIT 1 - 10

**Jury Not to Take Cue from Judge**

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

EXHIBIT 1 - 11

## Rulings on Objections

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

EXHIBIT 1 - 12

**Equality of Litigants**

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A government, whether large or small, has the same right to a fair trial as a private individual. All parties, including government parties, stand equal before the law and are to be treated as equals in this court. In other words, whether a party is an individual or the government must not affect your decision.

EXHIBIT 1 - 13

**Evidence in the Case**

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

EXHIBIT 1 - 14

**Inferences**

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

EXHIBIT 1 - 15

## Inadmissible and Stricken Evidence

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

EXHIBIT 1 - 16

## Statements of Counsel

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

EXHIBIT 1 - 17

**Jury's Recollection Controls**

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

EXHIBIT 1 - 18

**Burden of Proof**

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

**[In this case, the defendant has asserted an affirmative defense that it must prove by a preponderance of the evidence. When I discuss this defense, I will instruct you on the defendant's burden of proof.]**

EXHIBIT 1 - 19

**Evidence Produced by Adversary**

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors her whether she produced it or her adversary produced it.

EXHIBIT 1 - 20

**Direct and Circumstantial Evidence**

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

EXHIBIT 1 - 21

## Jury to Determine Credibility of Witnesses

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

EXHIBIT 1 - 22

## Number of Witnesses

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

EXHIBIT 1 - 23

**Depositions as Evidence**

During the trial of this case, certain testimony has been read to you [or presented by videotape]. You should give to this testimony the same consideration as to its weight and credibility as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you [or presented on videotape].

EXHIBIT 1 - 24

## Impeachment by Prior Inconsistent Statements

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury or at a deposition, then you may also treat that prior statement as evidence in this case--that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or was not at a deposition when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

EXHIBIT 1 - 25

## Adopting Prior Inconsistent Statements

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

EXHIBIT 1 - 26

**Nature of the Plaintiff's Claim**

In this case, the plaintiff, Dr. Campbell, brings a claim against her former employer, the defendant, the District of Columbia. Dr. Campbell alleges that the District violated her rights under 42 U.S.C. § 1983, which prohibits the government from terminating employment without due process. The District denies the allegations.

EXHIBIT 1 - 27

**Referral to the Office of the Inspector General**

You have heard testimony that the District referred certain allegations made against Dr. Campbell to the Office of the Inspector General. You are not to speculate as to what the Office of the Inspector did with the information because I have determined that it is not relevant to the claim you are to decide in this action.

I will now instruct you more fully on the issues you must address in this case.

EXHIBIT 1 - 28

## 42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: Basic Elements

Dr. Campbell's claim is that the District violated her federal due process rights as a government employee when it disclosed Mr. Turnage's emails to the press and terminated her employment.

Dr. Campbell has brought this claim under a federal law that gives her a cause of action for the deprivation of, in this case, constitutional rights. That statute is found in Title 42 of the United States Code, section 1983. Dr. Campbell seeks money damages against the District of Columbia on the basis that the termination of her employment unconstitutionally deprived her, without due process, of her Fifth Amendment liberty interest in pursuing her chosen field of employment.

To prevail, Dr. Campbell must prove by a preponderance of the evidence that (1) the District deprived her of a liberty or property interest protected by the Fifth Amendment, and (2) if it did, the deprivation occurred without the procedures, or "process," required by the Fifth Amendment.

I will instruct you on these two elements in turn.

EXHIBIT 1 - 29

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest**

First, I will instruct you on the liberty or property interest that Dr. Campbell must prove.

The Due Process Clause of the Fifth Amendment protects a District of Columbia employee's liberty interest in choosing her field of private employment. When the District takes an adverse employment action against an employee, it can deprive her of this liberty interest in two ways: "reputation-plus" and "stigma or disability."

## 42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus")

Under the "reputation-plus" theory, Dr. Campbell must show that the District deprived her of her liberty interest in pursuing her chosen profession by proving (1) defamation and (2) a discharge from government employment, or at least a demotion in rank and pay.

EXHIBIT 1 - 31

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation)**

To prove defamation, Dr. Campbell must establish:

(1)    That the District made a false and defamatory statement about her;

(2)    That the District published the statement to a third party without privilege;

(3)    That the District's fault in publishing the statement amounted to at least negligence; and

(4)    Either that the statement caused Dr. Campbell special harm, or if it did not cause Dr. Campbell special harm, the statement was actionable as a matter of law.

EXHIBIT 1 - 32

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation, False and Defamatory Statement)**

A statement is defamatory if it tends to injure the plaintiff in her trade, profession or community standing, or lower her in the estimation of the community.

A false and defamatory statement must be false as well as defamatory. A false statement is one that is not substantially true.

Because falsity is required for liability, a statement of fact may be the basis for a defamation claim, but a statement of pure opinion typically cannot. A statement of opinion qualifies as a false and defamatory statement if, but only if, it has an explicit or implicit factual foundation and is therefore objectively verifiable. A statement of opinion does not qualify as a false and defamatory statement if it is a subjective view, an interpretation, a theory, conjecture, or surmise.

EXHIBIT 1 - 33

## 42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation, Publication)

To publish a statement means to communicate the statement to a third person.

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation, Privilege)**

The District has presented evidence to persuade you that some or all of its statements may be protected by common interest privilege.

A statement is protected by the common interest privilege if it is

> (1)  Made in good faith,

> (2)  On a subject in which the party communicating has an interest in or reference to which he has or honestly believes he has a duty, and

> (3)  To a person who has such a corresponding interest or duty.

The District bears the burden of proving these three elements of the common interest privilege.

However, the District's statements cannot receive protection under the common interest privilege in two circumstances:

> (1)  In cases of "excessive publication," or publication to people with no common interest in the information communicated; and

> (2)  In cases of publication with "malice," which, within the context of the common interest privilege is the equivalent of "bad faith."

Dr. Campbell bears the burden of defeating common interest privilege by showing either excessive publication or publication with malice.

EXHIBIT 1 - 35

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation, Negligence)**

To negligently publish a statement means to unreasonably fail, under the circumstances, to take care that the statement was true.

EXHIBIT 1 - 36

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Defamation, Special Harm and Statements that are Actionable as a Matter of Law)**

Special harm means actual financial loss.

A statement is actionable as a matter of law if it is so likely to cause degrading harm to the subject's reputation that proof of that harm is not required. For instance, when an allegedly defamatory statement is a false allegation of criminal wrongdoing, it is actionable as a matter of law and the plaintiff does not need to prove special harm.

EXHIBIT 1 - 37

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Reputation-Plus," Discharge or Demotion)**

As I explained earlier, for Dr. Campbell to prove a deprivation of her Fifth Amendment liberty interest in pursuing her chosen field of employment under the "reputation-plus" theory, Dr. Campbell must also show a discharge from government employment, or at least a demotion in rank and pay.

Under the "reputation-plus" theory, only defamation that is accompanied by a discharge from government employment or at least a demotion in rank and pay is actionable. There should be some link between the defamatory statement and the discharge or demotion. That link could be a link in time, where the defendant makes the defamatory statement at the time of the discharge or demotion. Or that link could be a link in logic, where the discharge or demotion was the cause of a defendant's defamatory statement.

EXHIBIT 1 - 38

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: First Element—Deprivation of Liberty Interest ("Stigma or Disability")**

Dr. Campbell has also presented evidence to show that the District has deprived her of Fifth Amendment liberty interest in choosing her field of private employment under the "stigma or disability" theory.

Under the "stigma or disability" theory, you may find that Dr. Campbell was deprived of her liberty interest if the District's release of emails to the press and termination of her employment left a stigma on her and had the broad effect of largely precluding her from pursuing her chosen career.

EXHIBIT 1 - 39

**42 U.S.C. § 1983 and Fifth Amendment Procedural Due Process: Second Element—Lack of Sufficient Process**

To prove her Fifth Amendment procedural due process claim, Dr. Campbell must prove both (1) that the District deprived her of her constitutionally protected liberty interest, and (2) that the deprivation occurred without the procedures, or "process," required by the Fifth Amendment.

The proper remedy for an employer's infringement of an employee's liberty interest in reputation, or when an employee has been stigmatized in the course of a decision to terminate her employment, is an opportunity for the employee to refute the charges and clear her name. For the opportunity to be meaningful, the employee must be given notice before the hearing.

The law requires the "name-clearing" hearing to have procedures that take into account three factors.

First, the private interest affected by the employer's actions—here, that is Dr. Campbell's liberty interest in choosing her field of private employment.

Second, the value that procedural safeguards would provide the employee's liberty interest, and the risk of erroneously depriving her of that liberty interest without procedural safeguards.

Third, the government employer's interest, which includes the financial or administrative burden of providing the employee with procedural safeguards.

To show that the District did not provide her with due process, Dr. Campbell must prove that the procedures the District provided her were not appropriate in light of those three factors.

**Compensatory Damages**

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think you should award any damages to plaintiff if you feel she is entitled to your verdict. Those decisions are entirely yours to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of plaintiff on her claim against the District of Columbia. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide.

If you find for Dr. Campbell, then you must award her a sum of money that will fairly and reasonably compensate her for all of the damage she experienced that was proximately caused by the District. Compensatory damages consist of damages for any mental anguish, emotional distress, humiliation, damage to reputation, and loss of enjoyment of life which Dr. Campbell suffered as a result of the District's wrongful conduct.

The burden of proof is upon Dr. Campbell to establish all elements of her damages by a preponderance of the evidence. Dr. Campbell must prove her damages with reasonable certainty. You may only award Dr. Campbell damages for past, present or future injury that is not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

By the same token, Dr. Campbell does not have to prove her exact damages. No evidence of monetary value of such intangible things as pain and suffering has been nor needs to be introduced into evidence. No exact standard exists for fixing the amount to be awarded for such damages. You may award Dr. Campbell damages that are based on a just and reasonable estimate derived from relevant evidence.

EXHIBIT 1 - 41

You may award monetary damages for any of the following items that you find the District proximately caused:

(1)   Any physical pain or emotional distress that Dr. Campbell has suffered in the past;

(2)   Any physical pain or emotional distress that Dr. Campbell may suffer in the future;

(3)   Any humiliation or embarrassment Dr. Campbell has suffered in the past;

(4)   Any humiliation or embarrassment Dr. Campbell may suffer in the future;

(5)   Any inconvenience Dr. Campbell has experienced in the past;

(6)   Any inconvenience Dr. Campbell may experience in the future;

(7)   Any medical expenses Dr. Campbell incurred in the past; and

(8)   Any medical expenses that Dr. Campbell may incur in the future.

You may not consider the amount of lost wages or other benefits, if any, claimed by the plaintiff in this case. Likewise, you may not consider the cost to plaintiff of hiring an attorney. These attorneys' fees and lost wages are determined by the Court, if necessary, and may not be included in your damages award.

EXHIBIT 1 - 42

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.  There are no specific rules regarding how you should select a foreperson.  That is up to you.  However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.  Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

EXHIBIT 1 - 43

**Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes.  You may take your notebooks with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

EXHIBIT 1 - 44

**Unanimity**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

EXHIBIT 1 - 45

**Exhibits During Deliberations**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of the exhibits as you consider your verdict. Ms. Johnson will advise you of the procedure. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**[If you wish to [see] [hear] those portions of [describe recordings] which I have admitted into evidence, please notify Ms. Johnson by a written note and we will assemble in the courtroom with the appropriate equipment.]**

## Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by Ms. Johnson or the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not Ms. Johnson, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 3–6 or 5–4, or in any other fashion—whether the vote is for plaintiff or defendant or on any other issue in the case.

EXHIBIT 1 - 47

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have
concluded your deliberations.  The form is not evidence in this case, and
nothing in it should be taken to suggest or convey any opinion by me as
to what the verdict should be.  Nothing in the form replaces the
instructions of law I have already given you, and nothing in it replaces
or modifies the instructions about what the plaintiff or the defendant
must prove by a preponderance of the evidence. The form is meant only
to assist you in recording your verdict.

The form consists of some questions that you must answer.  You should
record your verdict on that form only after you have reached a
unanimous verdict.  It should then be signed and dated by the
foreperson.

If you think it might help you in your deliberations, you may consider
reviewing the verdict form early in your deliberations to get a sense of
the issues you will need to address.

EXHIBIT 1 - 48

**Cautionary Instruction on Publicity, Communication and Research**

I would like to remind you again that, in some cases, and likely this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. As I have told you before, you must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or Ms. Johnson know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case or provide any information to them by any means. This includes any electronic communication such as email, text or Facebook or any blogging about the case. In other words, you cannot talk to anyone on the phone, correspond with anyone, or communicate with anyone, in any way, about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

In fairness to both sides, it is essential that you comply with this instruction. Thus, I expect that one of you will inform me as soon as you become aware of another juror's violation of these instructions.

EXHIBIT 1 - 49

**Furnishing the Jury with a Copy of the Instructions**

Upon your request, I will furnish you with a copy of these instructions. During your deliberations, you may, if you want to, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of these instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to Ms. Johnson when your verdict is rendered.

EXHIBIT 1 - 50