# ADDENDUM

# **TABLE OF CONTENTS**

**Addendum Page**

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 1331 ...........................................................................................1

42 U.S.C. § 1983 ...........................................................................................1

D.C. Code § 1-615.58 ...................................................................................1

D.C. Code § 2-534 ........................................................................................3

D.C. Mun. Reg. 3106.4 .................................................................................6

# 28 U.S.C. § 1291 – Final decisions of district courts

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

# 28 U.S.C. § 1331 – Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

# 42 U.S.C. § 1983 – Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

# D.C. Code 1-615.58 – Employee responsibilities.

Employees shall have the following rights and responsibilities:

(1)  The right to freely express their opinions on all public issues, including those related to the duties they are assigned to perform; provided, however, that any agency may promulgate reasonable rules and regulations requiring that any such opinions be clearly disassociated from that agency's policy;

(2) The right to disclose information unlawfully suppressed, information concerning

illegal or unethical conduct which threatens or which is likely to threaten public health or safety or which involves the unlawful appropriation or use of public funds, and information which would tend to impeach the testimony of employees of the District government before committees of the Council or the responses of employees to inquiries from members of the Council concerning the implementation of programs, information which would involve expenditure of public funds, and the protection of the constitutional rights of citizens and the rights of government employees under this chapter and under any other laws, rules, or regulations for the protection of the rights of employees; provided, however, that nothing in this section shall be construed to permit the disclosure of the contents of personnel files, personal medical reports, or any other information in a manner to invade the individual privacy of an employee or citizen of the United States except as otherwise provided in this chapter;

(3) The right to communicate freely and openly with members of the Council and to respond fully and with candor to inquiries from committees of the Council, and from members of the Council; provided, however, that nothing in this section shall be construed to permit the invasion of the individual privacy of other employees or of citizens of the United States;

(4) The right to assemble in public places for the free discussion of matters of interest to themselves and to the public and the right to notify, on their own time, fellow employees and the public of these meetings;

(5) The right to humane, dignified, and reasonable conditions of employment, which allow for personal growth and self-fulfillment, and for the unhindered discharge of job responsibilities;

(6) The right to individual privacy; provided, however, that nothing in this section shall limit in any manner an employee's access to his or her own personnel file, medical report file, or any other file or document concerning his or her status or performance within his or her agency, except as otherwise provided in subchapter XXXI;

(7) Each employee of the District government shall make all protected disclosures concerning any violation of law, rule, or regulation, contract, misuse of government resources or other disclosure enumerated in § 1- 615.52(a)(6), as soon as the employee becomes aware of the violation or misuse of resources;

(8) Each supervisor employed by the District government shall make all protected disclosures involving any violation of law, rule, regulation or contract pursuant

to § 1-615.52(a)(6)(D) as soon as the supervisor becomes aware of the violation;

(9) The failure of a supervisor to make protected disclosures pursuant to § 1-615.52(a)(6)(D) shall be a basis for disciplinary action including dismissal;

(10) Upon receipt of an adjudicative finding that a protected activity was a contributing factor in an alleged prohibited personnel action, the appropriate agency head shall immediately institute disciplinary action against the offending supervisor; and

(11) Disciplinary action taken pursuant to this section shall follow the procedures of subchapter XVI-A, where applicable.

## **D.C. Code § 2-534 – Exemptions from disclosure.**

(a) The following matters may be exempt from disclosure under the provisions of this subchapter:

(1) Trade secrets and commercial or financial information obtained from outside the government, to the extent that disclosure would result in substantial harm to the competitive position of the person from whom the information was obtained;

(2) Information of a personal nature where the public disclosure thereof would constitute a clearly unwarranted invasion of personal privacy;

(2A) Any body-worn camera recordings recorded by the Metropolitan Police Department:

(A) Inside a personal residence; or

(B) Related to an incident involving domestic violence as defined in § 4-551(1), stalking as defined in § 22-3133, or sexual assault as defined in § 23-1907(a)(7).

(3) Investigatory records compiled for law-enforcement purposes, including the records of Council investigations and investigations conducted by the Office of Police Complaints, but only to the extent that the production of

such records would:.

(A) Interfere with:

(i) Enforcement proceedings;

(ii) Council investigations; or

(iii) Office of Police Complaints ongoing investigations;

(B) Deprive a person of a right to a fair trial or an impartial adjudication;

(C) Constitute an unwarranted invasion of personal privacy;

(D) Disclose the identity of a confidential source and, in the case of a record compiled by a law-enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source;

(E) Disclose investigative techniques and procedures not generally known outside the government; or

(F) Endanger the life or physical safety of law-enforcement personnel;

(4) Inter-agency or intra-agency memorandums or letters, including memorandums or letters generated or received by the staff or members of the Council, which would not be available by law to a party other than a public body in litigation with the public body.

(5) Test questions and answers to be used in future license, employment, or academic examinations, but not previously administered examinations or answers to questions thereon;

(6) Information specifically exempted from disclosure by statute (other than this section), provided that such statute:

(A) Requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

(B) Establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(7) Information specifically authorized by federal law under criteria established by a presidential executive order to be kept secret in the interest of national defense or foreign policy which is in fact properly classified pursuant to such executive order;

(8) Information exempted from disclosure by § 28-4505;

(9) Information disclosed pursuant to § 5-417;

(10) Any specific response plan, including any District of Columbia response plan, as that term is defined in § 7-2301(1), and any specific vulnerability assessment, either of which is intended to prevent or to mitigate an act of terrorism, as that term is defined in § 22-3152(1);

(11) Information exempt from disclosure by § 47-2851.06;

(12) Information, the disclosure of which would reveal the name of an employee providing information under subchapter XV-A of Chapter 6 of Title 1 [§ 1-615.51 et seq.] and subchapter XII of Chapter 2 of this title [2-233.01 et seq.], unless the name of the employee is already known to the public;

(13) Information exempt from disclosure by § 7-2271.04;

(14) Information that is ordered sealed and restricted from public access pursuant to Chapter 8 of Title 16;

(15) Any critical infrastructure information or plans that contain critical infrastructure information for the critical infrastructures of companies that are regulated by the Public Service Commission of the District of Columbia; and

(16) Information exempt from disclosure pursuant to § 38-2615.

(a-1)(1) The Council may assert, on behalf of any public body from which it obtains

records or information, any exemption listed in subsection (a) of this section that could be asserted by the public body pertaining to the records or information.

(2) Disclosure of any public record, document, or information from a District of Columbia government agency, official, or employee to the following persons or entities shall not constitute a waiver of any privilege or exemption that otherwise could be asserted by the District of Columbia to prevent disclosure to the general public or in a judicial or administrative proceeding:

   (A) The Council;

   (B) A Council committee;

   (C) A member of the Council acting in an official capacity;

   (D) The District of Columbia Auditor; or

   (E) An employee of the Office of the District of Columbia Auditor.

(b) Any reasonably segregable portion of a public record shall be provided to any person requesting the record after deletion of those portions which may be withheld from disclosure pursuant to subsection (a) of this section. In each case, the justification for the deletion shall be explained fully in writing, and the extent of the deletion shall be indicated on the portion of the record which is made available or published, unless including that indication would harm an interest protected by the exemption in subsection (a) of this section under which the deletion is made. If technically feasible, the extent of the deletion and the specific exemptions shall be indicated at the place in the record where the deletion was made.

(c) This section does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section. This section is not authority to withhold information from the Council of the District of Columbia. This section shall not operate to permit nondisclosure of information of which disclosure is authorized or mandated by other law.

(d) The provisions of this subchapter shall not apply to the Vital Records Act of

1981.

(e) All exemptions available under this section shall apply to the Council as well as agencies of the District government. The deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege are incorporated under the inter-agency memoranda exemption listed in subsection (a)(4) of this section, and these privileges, among other privileges that may be found by the court, shall extend to any public body that is subject to this subchapter.

## **D.C. Mun. Reg. 3106.4**

Employees shall be prohibited from using personnel information not available to the public, gained through official duties, for commercial solicitation or sale, or for personal gain.